UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY L. KIMNER,<br><br>          Plaintiff,<br><br>     v.<br><br>EDWARD J. DAVILA, et al.,<br><br>          Defendants. | Case No. 24-cv-02750-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 3 |

Pending before the Court is pro se Plaintiff Audrey L. Kimner's motion for leave to proceed *in forma pauperis*. *See* Dkt. No. 3.

**I.   INTRODUCTION**

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action and that the action states a claim on which relief may be granted.  28 U.S.C. § 1915(a)(1), (e)(2); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case.  28 U.S.C. § 1915(e)(2)(B)(ii).  Having reviewed Plaintiff's application, the Court finds that she is unable to pay the full amount of fees, costs or give security.  *Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life.").  Nevertheless, the Court finds that the action is barred by the doctrine of judicial immunity and accordingly **DENIES** the motion to proceed *in forma pauperis*.

//

//

## II.   LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.8. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle her to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords her the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III.   DISCUSSION

Plaintiff filed a complaint on May 8, 2024, against multiple federal judges.[1] *See* Dkt. No. 1 ("Compl."). These judges appear to have presided over several earlier actions that Plaintiff filed in this district:

- *Kimner v. Web Watchers, et al.*, No. 5:19-cv-06973-LHK (N.D. Cal.)

---

[1] The complaint names United States Court of Appeals Judge Lucy H. Koh; United States District Court Judge Edward J. Davila; and United States Magistrate Judges Nathanael Cousins and Virginia K. DeMarchi.

- *Kimner v. Capital Title of Texas, LLC*, No. 5:19-cv-07576-EJD (N.D. Cal.)
- *Kimner v. Berkeley County South Carolina*, No. 5:20-cv-07563-EJD (N.D. Cal.)
- *Kimner v. Hann*, No. 5:21-cv-06488-EJD (N.D. Cal.)
- *Kimner v. Koh, et al.*, No. 5:21-cv-07107-EJD (N.D. Cal.)

From what the Court can discern, in all these actions Plaintiff appears to be challenging in some way (1) state court proceedings in which she lost various assets, including her home, vehicle, and other investments; and (2) family court proceedings in which she lost custody of her children and was ordered to pay child support. Plaintiff also appears to assert that her privacy was invaded by the use of WebWatcher software to monitor her online communications for use in the family court proceedings. All five of the above-captioned cases have been dismissed and are now closed. And in each, the judges provided detailed explanations for the dismissals. In *Kimner v. Web Watchers*, for example, both Judge Cousins and Judge Koh found that Plaintiff had failed to state a viable claim for relief over which the court had jurisdiction. *See Web Watchers*, No. 5:19-cv-06973-LHK (N.D. Cal.), Dkt. No. 19 at 1–3. As Judge Koh explained, Plaintiff at bottom "seeks appellate review of state court proceedings," and "[t]his Court lacks jurisdiction over such claims." *Id.* at 2.

Unsatisfied with this conclusion and the dismissal of her cases, Plaintiff sued Judge Cousins and Judge Koh, arguing that they failed to adequately protect her rights. *See Koh*, No. 5:21-cv-07107-EJD (N.D. Cal.), Dkt. No. 1. Judge DeMarchi and Judge Davila then concluded that Plaintiff's claims in *Koh* were barred by the doctrine of judicial immunity. *See id.* at Dkt. Nos. 7, 10. Plaintiff now contends that by failing to hold hearings and ultimately dismissing her claims in these cases, all four judges have caused her and her family harm in the amount of approximately $200 million. *See, e.g.*, Compl. at 5–13.[2] Plaintiff suggests that the judges "colluded," "conspired," and "discriminated" against her when adjudicating her cases. Although Plaintiff suggests that the judges were biased, she offers no meaningful support for these

---

[2] For ease of reference, the Court refers to the PDF pages rather than the document's internal pagination unless otherwise noted.

3

1  contentions. At bottom, Plaintiff believes the merits of her cases should have been addressed in
2  federal court. The Court understands, and respects, that Plaintiff disagrees with the dismissal of
3  her cases. But even construing the complaint liberally, and affording Plaintiff the benefit of the
4  doubt, her claims—like those in *Koh*—are barred by the doctrine of judicial immunity.

5  Judges are absolutely immune from civil liability for acts performed in their judicial
6  capacities. *See Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996); *Ryan v. Bilby*, 764
7  F.2d 1325, 1328 & n.4 (9th Cir. 1985) (holding that magistrate judges, as judicial officers, are also
8  covered by the judicial immunity doctrine). A plaintiff's ability to overcome this immunity is
9  limited. "A judge will not be deprived of immunity because the action he [or she] took was in
10 error, was done maliciously, or was in excess of his [or her] authority . . . ." *Stump v. Sparkman*,
11 435 U.S. 349, 356–57 (1978). Rather, "[t]his immunity applies 'however erroneous the act may
12 have been, and however injurious in its consequences it may have proved to the plaintiff.'"
13 *Moore*, 96 F.3d at 1244 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)).

14 A plaintiff may only overcome judicial immunity if the judge acts outside his or her
15 judicial capacity or acts in the "complete absence of all jurisdiction." *See Mireles v. Waco*, 502
16 U.S. 9, 11–12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the
17 act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of
18 the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12 (quoting
19 *Stump*, 435 U.S. at 362); *see also Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001),
20 *as amended on denial of reh'g* (Oct. 11, 2001) (identifying factors relevant to the determination of
21 whether an act is judicial in nature).

22 Here, Plaintiff has not plausibly alleged that any of the four judges' disputed actions were
23 taken in the clear absence of all jurisdiction or were not judicial in nature. To the contrary, in her
24 complaint Plaintiff acknowledges that they were acting in their "Judicial Capacity" in presiding
25 over and ultimately dismissing her prior cases. *See* Compl. at 5. Plaintiff's claims are clearly
26 barred by the judges' broad judicial immunity, and Plaintiff's complaint therefore "lacks a
27 cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*
28 *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis*. Dkt. No. 3. Given the nature of Plaintiff's claims, the Court further finds that granting leave to amend would be futile. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotation omitted). The Court therefore **DISMISSES** the complaint without leave to amend. The Clerk is directed to enter judgment in favor of Defendants and to close the case. Plaintiff is cautioned that she may not seek to evade this Court's orders—or those of any other court—by simply filing a new case. However, to the extent Plaintiff disagrees with this order, she should file an appeal to the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: 6/5/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge